IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50207
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KALUB DOYLE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(W-95-CR-104-1)

_____

October 13, 1998

Before JOHNSON, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Kalub Doyle, Jr., federal prisoner # 56795-079, appeals the district court's denial of his motion to remit his fine of $3,000 which was imposed as part of his sentence. Doyle brought this motion following the final judgement of this court affirming his conviction.

In the district court, Doyle claimed 18 U.S.C. § 3742 as the jurisdictional basis for his motion. Because a § 3742 claim may only be brought on direct appeal, the district court did not have jurisdiction under that statute. See United States v. Early, 27 F.3d

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

140, 142 (5th Cir. 1994).

The only other potential basis for jurisdiction over Doyle's motion is 28 U.S.C. § 2255, under which a collateral attack is allowed in some circumstances.[1] A challenge to a fine, however, "is a matter relative to sentencing and should have been raised on direct appeal and not for the first time in a § 2255 proceeding." United States v. Segler, 37 F.3d 1131, 1135 (5th Cir. 1994) (citations omitted).

Finding no basis for subject matter jurisdiction, we hold that the district court should have dismissed the motion. Accordingly, the judgement is VACATED and the case REMANDED for the entry of judgment dismissing Doyle's motion for lack of jurisdiction.

---

[1]Even when not raised by the litigant, this court must examine a potential basis for jurisdiction on its own motion. See United States v. Santora, 711 F.2d 41, 42 (5th Cir. 1983).

2